DOWNEY, Judge.
The Southeast Palm Beach Hospital District sued Otto Runkel to recover a hospital bill incurred by Shirley Runkel, Otto’s wife. Otto filed an answer that admitted that he and Shirley were husband and wife living in a family relationship. By way of affirmative defense, Otto claimed the hospital admitted Shirley based upon her own credit and financial status and not on his.
The hospital moved for summary judgment, supported by an affidavit that simply proved up the bill for the services rendered to Shirley. Otto contends on appeal that the order entering summary judgment is erroneous because 1) he filed an affidavit stating that he and Shirley were separated (she used her maiden name, was self-employed, and was responsible for all of her bills); and 2) a factual issue was presented by his affirmative defense that the hospital extended credit to Shirley and not to him.
Since Otto’s answer ádmitted paragraph 4 of the complaint, there was no genuine issue as regards Otto and Shirley’s being husband and wife and living in a family relationship. Otto’s affidavit was ineffective against the pleading admission. However, in order to prevail against Otto’s affirmative defense that the hospital’s admission of Shirley as a patient was based on her credit and not Otto’s, the hospital was required to furnish proof that such defense was untenable. Since the hospital failed to furnish such proof, there was a *940 genuine issue of material fact precluding the entry of summary judgment.
Implicit in the foregoing is the common law rule, which has not been abrogated by statute in Florida, that services extended to a married woman based solely on her credit do not obligate her husband:
The general rule, both at common law and under statutes enabling a married woman to contract, is that if credit for necessaries, goods, or services furnished the wife is extended exclusively to her, her husband ordinarily is not liable for them. The purchase of necessaries by a wife who has the capacity to contract and make purchases on her own credit casts no liability on her husband where she neither has nor discloses any intent to purchase on his credit, and the seller has no intent to give to anyone other than the wife.
41 Am.Jur.2d, Husband and Wife, § 383, p. 320 (footnotes omitted).
Accordingly, the summary judgment for the hospital is reversed because of the issue of fact presented by Otto’s third affirmative defense.
DAUKSCH, JAMES C., and PURDY, H. MARK, Associate Judges, concur.